LAWRENCE SALTSMAN, RESPONDENT, *v* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Evidence — a bill of lading mentioning one destination, and an independent oral agreement to transfer goods to another — the oral agreement may be proved.*

In an action brought by Lawrence Saltsman to recover the damages resulting from the loss of certain potatoes, which he alleged the New York, Lake Erie and Western Railroad Company had undertaken to transport from Avoca, N. Y., to Elkhart, Ind., the principal point at issue was whether the railroad company had made such an oral agreement or whether it had agreed to transport the potatoes only to Buffalo, its terminus. The bill of lading given to Saltsman by the railroad company recited in the earlier portion thereof: "Notify D. Carpenter, Elkhart, Indiana;" and proceeded, in a subsequent part, as follows: "Which the N. Y., L. E. & W. R. R. Co. agrees to forward from Avoca, N. Y., to Buffalo, N. Y."

*Held*, that the plaintiff had a right to prove the oral agreement of the railroad company to transport the potatoes to Elkhart, Indiana, and that such agreement was not merged in the bill of lading.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Steuben on the 17th day of October, 1891, upon a verdict for the plaintiff for $354.99, dam-

ages, and also for costs, after a trial at the Steuben County Circuit before the court and a jury; and also from an order of the said court, entered in the said clerk's office on the 2d day of October, 1891, denying the defendant's motion for a new trial made upon a case and exceptions.

The action was based upon an alleged agreement to transport certain potatoes to Elkhart, Indiana, which was, as the plaintiff alleged, an oral agreement made by him with the agent of the defendant.

*James H. Stevens, Jr.,* for the appellant.

*Miller & Nichols,* for the respondent.

MACOMBER, J.:

This action was brought to recover damages for the loss of a certain shipment of potatoes caused by the negligence of the defendant, who had undertaken, according to the plaintiff's contention, to transport the same from Avoca, N. Y., to Elkhart, Ind.

At the close of all the testimony the defendant's counsel moved that the court direct a verdict in behalf of the defendant, which was denied, and thereupon plaintiff's counsel made a like motion for a direction of a verdict for the plaintiff which was granted.

The sum recovered was the amount due and unpaid upon a draft annexed to a shipping bill. The controversy turns upon the question whether or not the contract entered into by the defendant was to carry the car-load of potatoes from Avoca to Elkhart, Ind., or only to Buffalo, N. Y., the terminus of the defendant's railway. As we view the case presented by the motions made by the respective counsel, this question was substantially left to the determination of the court alone, as no request was made by the counsel for the defendant to submit any question of fact to the jury. It is true that the respective motions for a direction of a verdict were not made concurrently; but no question seems to have been raised at the trial which required the learned justice to submit any particular question of fact to the decision of the jury. The principal contention made against a recovery in this case is placed by the learned counsel for the defendant upon the ground that the written contract between the parties showed that the defendant's undertaking was simply to

carry the plaintiff's produce from Avoca to the city of Buffalo. The bill of lading was as follows:

"NEW YORK, LAKE ERIE & WESTERN RAILROAD CO.

AVOCA STATION, *Nov.* 7, 1887.

Received from L. Saltsman the following articles (contents unknown) in apparent good order, viz.:

Car of potatoes in bulk, car 37319,

Order of L. Saltsman,     Released & gtd.

Notify D. Carpenter.

Elkhart, Indiana.

```
L. S. & M. S. R'Y.

CLAIM TRACER.

45649

Claim Department.
```

Marked and numbered as per margin, which the N. Y., L. & W. R. R. Co., agrees to forward from Avoca, N. Y., to Buffalo, N. Y., upon the following conditions, viz.: That the shipper or owner does hereby release said company from liability for leakage of all kinds of liquids, breakage of all kinds of marble, glass, carboys of acid, or articles packed in glass, stoves and stove furniture, castings, machinery, carriages, furniture, musical instruments of all kinds, packages of eggs, or for loss or damage on hay, hemp, cotton or any article the bulk of which renders it necessary to be shipped in open cars; or for damage to perishable property of all kinds occasioned by delays from any cause, or change of weather, or for damage or loss by fire while in the company's depots, and the acceptance of this receipt by the shipper constitutes the agreement for the transportation of the above-described goods or property.

T. C. CHASE,

*Agent.*"

This bill of lading, were it the only evidence of a contract between the parties would not, by any means, be conclusive upon the point

made by the defendant's counsel. The body of the instrument, it is true, says that the defendant agreed to forward the property from Avoca, N. Y., to Buffalo, N. Y. But the heading of the instrument shows clearly that this car of potatoes was to be taken from Avoca, N. Y., to Elkhart, Ind. The bill of lading does not contain any restrictions of liability against any contract which the defendant may have entered into in respect to transporting the property to its ultimate destination. We are of the opinion, therefore, that, notwithstanding the acceptance of this paper, it was competent for the plaintiff to show what the real contract was under which the defendant undertook the care of the plaintiff's property. The testimony leaves but one solution of this question open to us. It is, in its nature, quite conclusively shown by the testimony of the plaintiff that the contract was with this defendant, by its proper agent, for the sum of twenty cents per hundred, to take the plaintiff's potatoes in a car which should be furnished by the defendant, and that the defendant should transport the same to Elkhart, Ind. Indeed, the evidence shows that the plaintiff, with the acquiescence of the defendant's agent, fitted up the car specially for this purpose by placing a floor therein, and erecting suitable bins to separate the different kinds of potatoes, one from the other. That it was competent for the parties to make this contract, and that the same, if made under the circumstances stated, was binding upon the defendant, admits of no intelligent doubt under the well-adjudged cases. (*Riley* v. *N. Y., L. E. and W. R. R. Co.*, 34 Hun, 97; *Jennings* v. *G. T. R. Co.*, 127 N. Y., 449.)

Some other questions are raised by the counsel for appellant, but, inasmuch as they do not appear to have been presented to the trial court, they can hardly be regarded as properly before the court on appeal. These mainly relate to the measure of damages. If it was intended by the defendant's counsel to contend that the liability was less than the amount of the draft accompanying the way-bill, the point, we think, should have been presented at the circuit, and not raised here for the first time.

Judgment and order appealed from should be affirmed.

Dwight, P. J., and Lewis, J., concurred.

Judgment and order appealed from affirmed.